United States District Court
Southern District of Texas
**ENTERED**
November 17, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES BARBER, SR. | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01950 |
| | § | |
| KEN OAKS, OWNER/CEO TOTAL QUALITY LOGISTICS, LLC., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Pending before this Court is Defendant, Ken Oaks' ("Oaks" or "Defendant"), Motion to Dismiss. (Doc. No. 5). Plaintiff, Charles Barber, Sr. ("Barber" or "Plaintiff"), responded in opposition. (Doc. No. 6). Defendant has not replied. Having reviewed the briefing and applicable law, the Court **GRANTS** Defendant's Motion to Dismiss. (Doc. No. 5).

## I. Background

This is a breach of contract case against Defendant, the alleged owner and CEO of Total Quality Logistics, LLC ("TQL"), brought by Plaintiff, the alleged owner of INTL Transportation. (Doc. No. 1, at 4). Plaintiff's claim arises out of purported contracts for interstate freight transportation between January 10, 2022, and August 2022. (*Id.*). Plaintiff alleges that TQL failed to make the agreed upon payments pursuant to carrier contracts. (*Id.* at 5-6). There are 16 contracts in total executed under the TQL label and signed by alleged employees of TQL. (*Id.* at 4; Exs. H-W). Plaintiff filed the present suit seeking compensatory and punitive damages from Defendant Oaks for the unpaid sums due under the various contracts. (*Id.* at 6).

## II. Legal Standard

### a. Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has original jurisdiction to hear a suit when it is asked to adjudicate a case or controversy that arises under federal-question or diversity jurisdiction. U.S. Const., art. III, § 2, cl. 1; 28 U.S.C. §§ 1331-32. Whether a federal court has jurisdiction must "be established as a threshold matter" and "is inflexible and without exception." *Webb v. Davis*, 940 F.3d 892, 896 (5th Cir. 2019) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Plaintiff, as the party asserting jurisdiction, bears the burden of proof to defeat a Rule 12(b)(1) motion to dismiss. *Id.*

### b. Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction

When a district court rules on a Rule 12(b)(2) motion without a hearing, the plaintiff must make a prima facie showing of jurisdiction. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). The court may consider the contents of the record, including affidavits or other recognized methods of discovery, in deciding whether to exercise personal jurisdiction. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). Generally, the court accepts the plaintiff's non-conclusory, uncontroverted allegations as true and resolves conflicts between the facts contained

in the parties' affidavits in the plaintiff's favor. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).

A federal court may exercise personal jurisdiction over a non-resident defendant if: (1) the long-arm statute of the forum state allows the exercise of personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction over that defendant is consistent with Fourteenth Amendment to the United States Constitution. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). The two-part jurisdictional inquiry collapses into a single step in this forum because the Texas long-arm statute extends to the limits of federal due process. Tex. Civ. Prac. & Rem. Code § 17.042; *Johnston*, 523 F.3d at 609; *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). To meet the requirements of due process, the plaintiff must demonstrate: (1) that the non-resident purposely availed himself of the benefits of the forum state by establishing minimum contacts with the state; and (2) that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Mullins*, 564 F.3d at 398.

"Minimum contacts" can give rise to either specific personal jurisdiction or general personal jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). General personal jurisdiction exists when a non-resident defendant's contacts with the forum state are "substantial, continuous, and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–19, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 374 (5th Cir.2003). "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir.2007) (citation omitted). Generally, "an individual is subject to general jurisdiction in [his] place of domicile." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).

The court "may exercise 'specific' jurisdiction in a suit arising out of or related to the defendant's contacts with the forum." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). The Fifth Circuit has articulated a three-step analysis for specific jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The touchstone of the minimum contacts inquiry is whether the defendant's conduct shows that it "reasonably anticipates being haled into court" in the forum state. *Id.*

**c. Rule 12(b)(3) Motion to Dismiss for Improper Venue**

Even if a given forum may exercise personal jurisdiction over the defendant, Rule 12(b)(3) permits a defendant to assert "improper venue" as a defense to a plaintiff's claim for relief. Fed. R. Civ. P. 12(b)(3). The general venue statute, 28 U.S.C. § 1391 controls a plaintiff's choice of venue. Under that section, a diversity action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391 (b)(1)–(2).

"Once a defendant challenges venue, the plaintiff has the burden of demonstrating that the chosen venue is proper." *Graham v. Dyncorp Int'l, Inc.*, 973 F. Supp. 2d 698, 700 (S.D. Tex. 2013) (citing *Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 396 (S.D. Tex. 2011)). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the

complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam) (citations omitted). If venue is lacking, district courts are instructed to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. "The decision to dismiss or transfer lies within the court's discretion." *Graham*, 973 F. Supp. 2d at 701 (citing *AllChem Performance Prods., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 788 (S.D. Tex. 2012)).

**d. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual

assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## III. Analysis

Defendant asserts that this claim must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). He argues, (1) Plaintiff's claim is barred by the statute of limitations imposed by 49 U.S.C. § 14705; (2) Plaintiff does not have standing to bring this claim—and is unable to proceed pro se on behalf of an entity; (3) Defendant is the improper defendant against whom to bring this claim; and (4) this Court does not have personal jurisdiction over Defendant. Any of these grounds would be sufficient on their own to dismiss Plaintiff's claim.

Title 49 U.S.C. § 14705 imposes an 18-month limitations period for claims seeking recovery of unpaid freight charges. 49 U.S.C. § 14705. Plaintiff does not file a claim under this statute and instead styles his claim as a breach of contract under Texas law. (Doc. No. 1). The Fifth Circuit has not had the occasion to determine whether the 18-month limitations period applies when unpaid freight charges are asserted as a breach of contract claim or whether the 4-year limit generally imposed by Texas law for breach of contract claims. Other circuits have. The Sixth Circuit affirmed a district court order holding that artfully pleading a claim for unpaid interstate freight charges under state law rather than federal law does not exempt a plaintiff from the 18-month statute of limitations. *CGH Transp., Inc., v. Quebecor World, Inc.*, No. Civ.A. 05-209-JBC, 2006 WL 1117659, at *2 (E.D. Ky. Apr. 24, 2006), *aff'd* 261 Fed. App'x 817 (6th Cir. 2008). The weight of courts in this district that have had occasion to review which limitations period should apply have found that courts ought to apply Texas law. *See, e.g.*, *Tayssoun Transp., Inc., v.*

*Universal Am-Can, Ltd.*, No. Civ.A. H-04-1074, 2005 WL 1185811, at *13 (S.D. Tex. Apr. 20, 2005); *Ragar Transp. Ltd. v. Lear Corp.*, No. 5:17-cv-52, 2021 WL 4502316, at *4-6 (S.D. Tex. Sept. 30, 2021); *RSS Recovery Solutions, LLC v. TDF Fin. Servs., Inc.*, No. 4:18-cv-2015, 2020 WL 588968, at *1 (S.D. Tex. Feb. 6, 2020). As it is not necessary for the resolution of the present motion, this Court need not weigh in.

It is clear that Plaintiff does not have standing to pursue this claim. Plaintiff alleges that the contracts were between TQL and INTL Transportation. (Doc. No. 1). As evidenced by the contracts attached to the Complaint, the contracts at issue were apparently between TQL and International Vision of Strategy, LLC. (Doc. No. 1, Exs. H-W). Regardless of whom the correct Plaintiff/contracting party is—INTL Transportation or International Vision of Strategy, LLC—there is no contractual relationship between Plaintiff and Defendant in their personal capacities as Plaintiff here asserts. Under Texas law, "the benefits and burdens of a contract belong solely to the contracting parties," and no one can sue on a contract unless he is a party to it or in privity with a party to it. *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017).[1] There is an exception to this otherwise generally applicable rule where a plaintiff qualifies as a third-party beneficiary. *Id.* A person seeking to establish standing as a third-party beneficiary "must demonstrate that the contracting parties intended to secure a benefit to that third party and entered into the contract directly for the third party's benefit." *Id.* (quoting *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002)) (internal quotes omitted). There are no facts pleaded that would support such an intent on behalf of the parties. As such, Plaintiff does not have standing to assert this claim. Since Plaintiff

[1] It has been established by Plaintiff's own pleading that he was not a party to any of the contracts between INTL and TQL. Plaintiff has provided neither evidence nor argument that he was in privity with INTL such that the benefits of the contract ran to him.

lacks standing, this case must be dismissed for lack of jurisdiction. *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017).

Further, Plaintiff's pleadings demonstrate that Defendant Oaks was also not party to the contract nor was he in privity with TQL under the contract. Thus, the burdens of the contract do not run to Oaks and Plaintiff cannot assert a breach of contract claim against him. Thus, the Court must dismiss this action because Plaintiff has failed to plead a claim upon which this Court can grant relief. *See* Fed. R. Civ. P. Rule 12(b)(6).

Plaintiff cannot cure this deficiency in his pleadings by merely amending his complaint because he, as a pro se litigant, is unable to represent anyone other than himself. Pursuant to 28 U.S.C. § 1654, "parties may plead and conduct *their own cases* personally." 28 U.S.C. § 1654 (emphasis added). As "*pro se* means to appear for one's self, a person may not appear on another [entity's] behalf in the other's cause." *Martin v. City of Alexandria*, 198 Fed. App'x 344, 346 (5th Cir. 2006) (quoting *Iannaccone v. Law*, 142 F.3d 744, 748 (2d Cir. 1998)). Therefore, Plaintiff cannot be granted leave to substitute INTL as plaintiff and continue pro se because he is not authorized to represent INTL pro se.

Finally, Defendant argues that this Court does not have personal jurisdiction over Defendant Oaks and thus dismissal is appropriate under Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction and 12(b)(3) for improper venue. Plaintiff alleges (and Defendant affirms) that Defendant Oaks is a resident of Ohio. (Doc. No. 1, at 2; Doc. No. 5, ¶ 12). As with the limitations question, this Court need not decide this issue as the Court must dismiss this case for want of jurisdiction and the inability to find a claim upon which it can grant relief.

For the reasons stated above, this Court **GRANTS** Defendant's Motion to Dismiss. (Doc. No. 5).

Signed on this the 17th day of November 2026.

Andrew S. Hanen
United States District Judge